IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDRA FURSINA,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF STATE,  U.S. EMBASSY IN THE NETHERLANDS, MARCO RUBIO, in his official capacity as Secretary of State; STUART WILSON, in his official capacity as Deputy Assistant Secretary for Visa Services; LINDSEY ROTHENBERG, in her official capacity as Consul General U.S. Consulate, Amsterdam; and JOHN DOES, in their official capacities as Consular Officers responsible for issuing visas at the U.S. Consulate, Amsterdam;<br><br>Defendants. | **4:25CV3233**<br><br>**MEMORANDUM AND ORDER** |

Alexandra Fursina has been stranded in limbo in the Netherlands for nearly two years while the U.S. Department of State declines to give her a definitive decision on her pending visa application.  She has filed this mandamus action to compel the Defendant agencies to adjudicate her visa application.  Defendants move to dismiss, arguing either the Court lacks jurisdiction or the complaint fails to state a claim upon which relief is granted.  Finding it has jurisdiction and Fursina's complaint states a claim upon which relief can be granted, the Court denies Defendants' motion to dismiss.

## I.    BACKGROUND

Plaintiff, Alexandra Fursina, is a citizen of the Netherlands and Russia who has worked and studied in the United States for over twenty years and has a U.S.-citizen spouse and child.  Filing No. 1 at 3.  Fursina works (or did, until the current delay in

1

receiving her visa) as a Research Associate Professor for the Department of Chemistry at the University of Nebraska–Lincoln ("UNL"). *Id.* at 4. UNL filed an H-1B petition for Fursina which would give her a non-immigrant visa allowing her to be employed by it as the specific petitioning employer in a specialty occupation requiring a minimum of a bachelor's degree. *Id.*; 8 C.F.R. § 214.2(h). Fursina has been the beneficiary of multiple prior H-1B petitions filed by UNL, all previously approved by the United States. *Id.*

On June 22, 2024, Fursina traveled from the United States to the Netherlands with plans to attend her H-1B interview on June 27, 2024. *Id.* At the interview, she received a letter which stated as follows:

> Your visa application has been refused under Section 221(g) of the Immigration and Nationality Act. Please submit the following documentation or information to complete your case:
>     . . . .
>     X  Administrative processing. No action required.

Filing No. 1-5 at 1.

The section under which the refusal was issued, Section 221(g) of the INA, provides:

> No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law . . . .

8 U.S.C. § 1201(g).

Fursina has had a previous H-1B application go through administrative processing. Filing No. 1-34 at 1. That time, the administrative processing took approximately two to

three weeks and was thereafter approved. *Id.* At the time of her refusal letter in June 2024, the consular officer estimated her administrative processing would similarly take two to three weeks. *Id.*

Instead, Fursina's H1-B application has remained in administrative processing for nearly two years. She has made numerous inquiries from the consulate and has enlisted the aid of Senator Deb Fischer who has also inquired from the consulate on UNL's behalf about the status of Fursina's application. Filing No. 1 at 5. Each time, the response has been the same: that the matter remains in administrative processing and the consulate does not know how much longer the process will take. *See, e.g.*, Filing No. 1-9 at 1 ("Please note your case remains in administrative processing for review. This process can be quite cumbersome, but we are doing everything we can to move the case forward. Unfortunately, we are unable to give any time frame for this process."). This extensive delay has resulted in hardship to Fursina's personal relationships with her husband and daughter and has threatened her professional career as she has now been unable to resume her role at UNL for two academic years. Filing No. 1 at 7.

In November 2025, Fursina filed the present complaint for a writ of mandamus and under the Administrative Procedures Act, arguing the delay in processing her visa was unreasonable and the Defendant agencies should be compelled to make a timely decision. Filing No. 1 at 8–9. Defendants, the U.S. Department of State, the U.S. Embassy in the Netherlands, and several agency officials, have now moved to dismiss Fursina's complaint. Filing No. 16. They argue the Court lacks subject-matter jurisdiction over the complaint and the complaint fails to state a claim upon which relief can be granted.

3

## II.    STANDARDS OF REVIEW

### A.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction are presumed true and the motion can succeed only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)).

In contrast, in a factual attack on subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and no presumptive truthfulness attaches to the plaintiff's allegations. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  The plaintiff has the burden of proving that jurisdiction exists by a preponderance of evidence. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

Here, Defendants state they are making a facial attack on the Court's jurisdiction, meaning the Court presumes all facts asserted in the complaint and attached documents are true.[1]

---

[1] After stating they are pursuing a facial challenge, Defendants go on to say, "For good measure, Defendants also submit a declaration reiterating the visa refusal and thereby also bring a factual challenge to jurisdiction." Filing No. 19 at 8.  But the declaration from a Department of State attorney who was not involved in Fursina's consular application or interview merely reiterates the facts already set forth in the complaint which Defendants concede the Court should treated as true and accurate.  Furthermore, even if the Court were to treat the motion as factual challenge, it would not change the Court's conclusion as the

4

### B. Motion to Dismiss for Failure to State a Claim

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

information contained in the declaration is the same as that in the Complaint, and, in any case, the crux of the present motion is a legal dispute, not a factual one.

5

### III.     ANALYSIS

Defendants argue the Court lacks subject-matter jurisdiction over Fursina's complaint because 1) they owe Fursina no duty beyond their initial "refusal" letter; 2) Fursina's claim is moot because the visa refusal letter saying her case is in administrative processing means her case is done; and 3) the doctrine of consular non-reviewability prevents the Court from reviewing a visa denial.  It also argues Fursina's complaint fails to state a claim because "there is no 'delay' to speak of as the Department of State has afforded any duty it owed to Plaintiff by refusing the visa application." Filing No. 19 at 19.

The Administrative Procedure Act states that "the reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The Mandamus Act likewise provides the district courts with original jurisdiction of "any action in the nature of mandamus to compel . . . any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361.  In an unreasonable-delay case like this, APA and Mandamus Act analyses are considered coextensive, and courts discuss them together. *Hassan v. Dillard*, 758 F. Supp. 3d 973, 978 (D. Minn. 2024) (citing *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D. Minn. 2008)).

### A. Visa Refusal for Administrative Processing as a Final Agency Decision

Underlying all four of Defendants' arguments is a common thread: they argue that the letter informing Fursina her visa had been "refused" and was undergoing administrative processing constituted a final agency decision (specifically, a denial). Because her visa has been denied, they argue, they owe her no further duty and there is nothing for the Court to review or compel them to do.

There is a split of authority over whether a visa refusal in order to conduct administrative processing is a final denial decision or not, and the Eighth Circuit Court of Appeals has not weighed in to date. *Compare Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *5 (D.C. Cir. July 24, 2024) (holding "the consular officer has already acted on her application" where the officer refused plaintiff's application and placed it in administrative processing), *and Al Khalo v. Goldman*, 769 F. Supp. 3d 899, 904–05 (D. Neb. 2025) ("[T]the Court agrees with those courts that have decided that placing a visa application in administrative processing after a consular officer issues an INA § 221(g) refusal does not leave the defendants with a mandatory, non-discretionary duty to further adjudicate the application within a reasonable time."), *with Hassan v. Dillard*, 758 F. Supp. 3d 973, 980 (D. Minn. 2024) ("This Court is not persuaded on the record before it in this case that a consular officer's purported 'refusal' of a visa application operates as a final agency decision that concludes the agency's legal obligation to adjudicate the application when the officer places the application in administrative processing."), *and Azadani v. Gaudiosi*, No. 24-CV-00825-CNS, 2025 WL 35597, at *4 (D. Colo. Jan. 6, 2025) ("While it is true that the consular officer issued a denial, that is not the end of the process."). The Court finds the reasoning of those courts determining that a refusal plus administrative processing is not a final agency decision, most persuasive.

The legal framework is important to this conclusion. A noncitizen needs a visa to enter the United States. *Dep't of State v. Munoz*, 602 U.S. 899, 903 (2024) (citing 8 U.S.C. § 1181(a)). The beneficiary of an H-1B application must make an application for a non-immigrant visa and attend a consular interview. *See* 8 U.S.C. § 1202(h). The consular officer either issues the visa or refuses it at the interview's conclusion. *See* 22

7

C.F.R. § 41.121(a).  However, the consular officer may choose to refuse the visa while sending it to "administrative processing," as occurred in this case.  While "administrative processing" is not defined, the regulations allow for situations in which applicants submit additional documentation after a "refusal."  *See, e.g.*, 22 C.F.R. § 41.121(c) (allowing an applicant to submit additional evidence within 120 days to overcome the refusal of a nonimmigrant visa).  Many courts have reasoned, and this Court agrees, that because a "refusal" is not the final step in the process when administrative processing is ordered, it is not a final administrative decision.  *See Azadani*, 2025 WL 35597, at *4 ("A denial placing an application into administrative processing is different from other agency decisions because there is more than a 'mere possibility that an agency might reconsider.'" (quoting *Sackett v. E.P.A.*, 566 U.S. 120, 127 (2012))).  Accordingly, the Court concludes that a notice of refusal coupled with further administrative processing is not a final agency decision.

This conclusion resolves Defendants' jurisdictional and 12(b)6 arguments in short order as follows:

**A.  The Agency Has a Further Nondiscretionary Duty to Act**

Defendants argue the Court lacks jurisdiction because it cannot order Defendants to take further action under the APA or Mandamus Act when they have no duty to do so. *See* 5 U.S.C. § 706(1) (APA duty to act); 28 U.S.C. 1361 (Mandamus Act duty to act). But because the Court concludes Defendants have not issued a final decision on Fursina's visa application, this argument is without merit.

### B. The Case Is Not Moot

Defendants next argue Fursina's claims are moot because she has received the relief she seeks: a decision on her visa application. Under the mootness doctrine, where the matter raised in an action has already been decided, there is no Article III case or controversy to speak of and the case is moot. *See McCarthy v. Ozark School District,* 359 F.3d 1029, 1035 (8th Cir. 2004).

Defendants argue that because they have "refused" Fursina's visa application, they have made their decision, rendering this case moot. But as explained above, Defendants' "refusal" is such in name only; because the case is in administrative processing, the decision is not final. Accordingly, this argument is without merit.

### C. The Doctrine of Consular Non-Reviewability Does Not Apply

Defendants next argue that the Court cannot review the agency refusal of Fursina's visa under the doctrine of consular non-reviewability.

"Congress may delegate to executive officials the discretionary authority to admit noncitizens 'immune from judicial inquiry or interference.'" *Munoz*, 602 U.S. at 907–08 (quoting *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–591 (1952)). When such a delegation has occurred, the executive officer's decision whether to admit or exclude a noncitizen "is final and conclusive." *Id.* at 908 (quotation omitted). Courts do not play a role in these decision except where "expressly authorized by law." *Id.* (quotation omitted). Under this doctrine, "federal courts cannot review" a consular officer's denial of a visa. *Id.*

Defendants' argument is premised on treating their refusal for administrative processing as a denial. But as explained above, because the decision is not final, the

9

Court is not reviewing the merits of Defendants' delegated decision but rather Fursina's claim that they have *failed* to make such a decision.  Defendants' claim in this regard is therefore without merit.

### D. Failure to State a Claim Upon Which Relief Can Be Granted

Lastly, Defendants argue Fursina's complaint fails to state a claim under either the APA or Mandamus Act upon which relief can be granted since there has been no delay, unreasonable or otherwise, due to Defendants having completed their duty in June 2024 by issuing the refusal letter.  The Court disagrees.  Because the refusal referring the case for administrative processing did not constitute a final agency decision, Defendants' argument is merit.  Fursina's complaint adequately states claims upon which relief can be granted.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' arguments for dismissal are without merit.  Accordingly, the motion is denied.

IT IS ORDERED:

1.  Defendant's Motion to Dismiss, Filing No. 16, is denied.

2.  By separate order, the Court will promptly set this matter for a status hearing to determine how best to timely adjudicate the merits of the case.

Dated this 11th day of May, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge